VICKSBURG AND MERIDIAN RAILROAD CO. *v.* G. B. LEWIS ET AL.

1. TAXATION. *Land used in operating railroad. Exemption.*

Where, by mistake of boundaries, part of the depot ground of a railroad company is built upon by another, and is inclosed and occupied for years as a distinct lot, not used in operating the railroad, it is not exempt from general taxation on payment of a privilege tax by the company.

2. TAX-TITLE. *Instruction. Immaterial error.*

An instruction which makes non-user of the land by the railroad company at the *time of the tax sale,* the test of exemption is improper; but if the same facts existed the year before, when the land was assessed, the result being right, the error is immaterial.

3. EJECTMENT. *Possession. Mesne profits.*

A defendant in ejectment, who defends for the premises, cannot escape liability for mesne profits by showing that he had yielded the premises to another and was not in fact in possession.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

Under the provisions of § 608, code 1880, appellant, the Vicksburg and Meridian Railroad Co., paid a privilege tax and thereby secured exemption from all other taxes on property "owned and used in operating the railroad." The land in controversy was owned by the railroad company, being part of the depot ground at the town of Clinton. Many years ago one Lindsey, who owned adjacent land, in improving his lot, by mistake of boundaries, went over the line and built a house on the depot grounds. He inclosed his premises, supposing all the land belonged to him. This was known as the Corson lot. It was inclosed, and was occupied by different persons. After the house was built and the land was so fenced off, it was never used by the appellant in operating its railroad. After the payment of the privilege tax by the company, this land, in 1880, was assessed for taxation, and in March, 1881, it was sold to the state for taxes. In 1887 it was purchased from the state by the appellees, and they instituted this action of ejectment against the appellant to recover possession. The railroad company defended for the land, but, as stated before, while it used the depot grounds in operating the road, it did not actually use this part of the land which was so fenced off. One Page was allowed to remain in actual possession, though the company defended for the land.

On the trial the jury found for plaintiff, including rent for the land in controversy from the date plaintiff's right accrued until the trial, and judgment was entered accordingly, from which defendant appeals.

Among other things, the court instructed the jury for plaintiffs that, if the company did not, at the time the land was sold for taxes, use the same in operating the railroad, verdict should be for plaintiff. The other facts necessary to an understanding of the case are stated in the opinion.

*W. L. Nugent*, for appellant.

1. In a case like this the court has held that it will not rigidly confine the exemption to the land of a railroad company covered by the buildings and actually and continuously used in operating the road. *Railroad Co. v. Bradley*, 66 Miss. 521.

The evidence clearly shows that the lot in controversy is owned by the railroad company, and constitutes a part of the depot ground. By mistake this part of the ground was fenced off and occupied by others. That it was not actually occupied by the company, did not prevent it from being exempt after the payment of the privilege tax. This was not a distinct lot of itself, but a part of the general depot grounds of the railroad company.

2. Clearly the first instruction for the plaintiff is erroneous. By it the jury was told that it should find for plaintiff, unless the lot was used in operating the railroad at the time of the sale for taxes.

3. The defendant is not liable to a judgment for mesne profits on account of the rent of this lot. It was in the possession of Page, and the railroad company certainly could not be held liable for the rent of the *house*. If liable at all for mesne profits, the recovery should have been restricted to the rent of the land.

But we submit that the complainant was not entitled to recover. Railroad companies often find it essential in the operation of their roads to allow employés or others to build tenement houses on parts of their depot grounds, and this does not make the land liable to taxation where the company pays the privilege tax.

*C. M. Williamson,* for appellees.

1. The judgment is right. Although the land in controversy may have originally been a part of the depot ground, it was many years ago fenced off as a distinct lot, and has never since been used or occupied by the railroad company. Indeed, there is no evidence that the company ever claimed it prior to this litigation. The point is not whether the railroad company had *title* to the lot, but whether it was used in operating its road.

2. I submit that there are no errors in the instructions. The jury allowed only the rent established by the evidence, and for the time which the defendant kept the plaintiff out of possession.

Campbell, J., delivered the opinion of the court.

The evidence makes it clear that the " Corson lot," for many years before 1880, and for years after that, was inclosed as a sepa-

rate and distinct parcel of land, erroneously supposed not to belong to the railroad company, but to another owner, and not in any way used or even claimed by the company. Surely, under such circumstances, it cannot be successfully claimed that this lot was land owned by the company and used in operating its road, so as to protect it from taxation as land by reason of the payment of the privilege tax.

The liability of the appellant for rent of the lot arises from the fact that it withheld the possession from the owners. Its yielding the house to Page could not free it from liability to the plaintiffs, who recovered the lot, and are entitled to mesne profits.

The criticism of the first instruction for the plaintiff, because of its making non-user of the lot in operating the railroad at the *time of the sale* for taxes the test of exemption, is just, but unavailing as ground to reverse the judgment, because it is manifest that the same state of things existed in 1880 as did at the time of the sale, and on the facts the result is right.

*Affirmed.*